**FILED**
**FEB 28 2007**
JUDGE REBECCA R.
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAYED JAFFREY, )
)
Plaintiff, )
) No. 06 C 1964
v. )
) Judge Pallmeyer
CITY OF CHICAGO, ) Magistrate Judge Schenkier
OFFICER FRANK R. CATAPANO JR., )
Star #15386, LAVERNE M. DIETCH, )
CAPTAIN THOMAS SAPPANOS, Star# 68, )
SERGEANT CHERI ADRIAN, Star # 2689, )
OFFICER DARRYL LANGSTON, Star# 26080, )
and OFFICER ANDRES BARREZUETA, )
Star #17671, )
)
Defendants. )

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, SAYED JAFFREY, ("Plaintiff") by his attorneys, Stitt, Klein, Daday, Aretos & Giampietro, LLC, and Defendants CHERI ADRIAN, ANDRES BARREZUETA, DARRYL LANGSTON, and THOMAS SAPPANOS, ("Defendant Officers") by one of their attorneys, Avi Kamionski, Assistant Corporation Counsel, and CITY OF CHICAGO, ("City") by its attorney, Mara S. Georges, Corporation Counsel, herein stipulate and agree to the following:

1.  This action has been brought by Plaintiff against the City, Defendant Officers, and defendants Laverne Dietch and Thomas Catapano, and makes certain allegations contained in Plaintiff's complaint.

2.  The City and the Defendant Officers deny each and every allegation of wrongdoing as stated in Plaintiff's complaint, and, further, deny liability.

3.  The parties to this agreement and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct

by or on the part of any defendant and/or the City's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that they or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to dismiss with prejudice all of his claims against the City and the Defendant Officers, with each side bearing its own costs and attorneys' fees.

5. Plaintiff accepts a settlement from the City in the total amount of ONE HUNDRED THOUSAND DOLLARS AND NO/100 ($100,000.00), with each side bearing its own costs and attorneys' fees.

6. The City agrees to pay Plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City, and Plaintiff and/or his attorneys agree that they will not seek payment from any source other than the City. The settlement check will

be made payable to Plaintiff, his attorneys, and lien claimants, if any, of which the City has notice.

7.  In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to indemnify and hold harmless the City and its future, current, or former officers, agents and employees including, but not limited to, the Defendant Officers, and any unnamed individual police defendants, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

8.  Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the Defendant Officers and any unnamed police individual defendants, and the City, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

9.  This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties to this agreement with regard to the settlement of this action, and shall be binding upon and inure to the benefit of

the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, Plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties to this Release and Settlement Agreement agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

AGREED TO BY:

_____
Timothy O'Donoghue
Christopher Ackeret
Stitt, Klein, Daday, Aretos & Giampietro
Attorneys for Plaintiff
121 South Wilke Road
Arlington Heights, IL 60005
(312) 697-0022

Dated: 2-21-07

_____
Plaintiff Syed Jaffrey
Address: 9014 N. SKOKIE BLVD
SKOKIE IL 60077

D.O.B  01-01-68
SS# (voluntary) 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

Dated: 02-27-07

Mara S. Georges
Corporation Counsel
City of Chicago

*signature*
By: Kimberly M. Grunewald
Assistant Corporation Counsel
Attorney for Defendant City of Chicago
30 North LaSalle Street, Suite 1610
Chicago, Illinois 60602
(312) 744-6951

Dated: 2/28/07

*signature*
Avi Kamionski
Assistant Corporation Counsel
Attorney for Defendants Sappanos,
Adrian, Langston and Barrezueta
30 North LaSalle Street, Suit 1400
Chicago, Illinois
(312) 744-0747

Dated: 2/28/07